IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| LOUIS VUITTON MALLETIER | CIVIL NO. 03-2277 (JAG) |
|---|---|
| Plaintiff | FOR: |
| Vs. | Infringement of Registered Trademarks and Trademark Counterfeiting |
| ENRIQUE FORTY D/B/A LINCOLN FANTASY; PELUET OF PUERTO RICO CORP.; Et Als.<br>Defendants | False Designation of Origin<br>Unfair Competition<br>Injunctive Relief<br>Damages |

## REPORT AND RECOMMENDATION

A default trial hearing was held on September 2, 2005 limited to the defendants listed in the table below, all of whom have either failed to answer the complaint, defend, or plead.

| No. | Docket No. Service Returned Executed and Date | Docket No. & Date Default Entered | Defendant's Name | D/B/A Store Name | Items Seized | Items Purchased by investigator |
|---|---|---|---|---|---|---|
| 1 | #23-12/17/03 | #129-03/01/05 | Ahmed Shweki Mohammed | | 4 | |
| 2 | #20-12/17/03 | #122-02/18/05 | Aixa (Ibiza) Shoe Outlet | Aixa Luis | 11 | 1 |
| 3 | #23-12/17/03 | #129-03/01/05 | Ana Wu | Joyería Amy | 146 | 1 |
| 4 | #18-12/17/03 | #122-2/18/05 | Antonio de J. Claudio / Milagros Estrella | Melanie Imports | 49 | 1 |
| 5 | #11-12/11/03 | #122-2/18/05 | Awilda Collazo / Elizabeth Rivera | Lizzy's Fashion A/K/A Unlimited Fashion | 0 | 1 |
| 6 | #23-12/17/03 | #129-03/01/05 | Candido González | AZ Comercial - | 287 | 1 |
| 7 | #11-12/11/03 | #129-03/01/05 | Choi Kam Wong Tam | Two in One | 0 | 1 |
| 8 | #11-12/11/03 | #122-02/18/05 | Cristy Yanize Nieves / Urayoan Cotto Pérez | Cristy's Booth d/b/a Exótica | 0 | 1 |
| 9 | #18-12/17/03 | #122-02/18/05 | Eddie Hernández Robles | Emmanuel Imports | 6 | 1 |
| 10 | #18-12/17/03 | #122-02/18/05 | Enrique Forty | Lincoln Fantasy | 0 | 6 |

1

| | | | | | | |
|---|---|---|---|---|---|---|
| 11 | #20-12/17/03 | #122-02/18/05 | Francisco Jimenez | EC Wireless d/b/a Very Celular | 3 | 1 |
| 12 | #21-12/17/03 | #129-03/01/05 | Hector Luis González | Joyería Migamy | 9 | 1 |
| 13 | #19-12/17/03 | #124-02/25/05 | Irma Ramírez & Lidia Ramírez | Perfumería Lidaliz | 21 | 1 |
| 14 | #23-12/17/03 | #122-02/18/05 | (J)Yomaris Mejía | (J)Yomary Salón | 6 | 2 |
| 15 | #21-12/17/03 | #122-02/18/05 | Jorge Donald López A/K/A Jorge Dones | George Perfume | 33 | 1 |
| 16 | #12-12/11/03 | #122-02/18/05 | José A. Del Valle /Rosa M. Torres | Yasean | 0 | 1 |
| 17 | #12-12/11/03 | #122-02/18/05 | José Martinez Colón | Vale's Gift Shop/Vale's Discount | 0 | 1 |
| 18 | #18-12/17/03 | #122-02/18/05 | José Rodríguez | Romantic Accessories | 716 | 3 |
| 19 | #22-12/17/03 | #122-02/18/05 | Lelis A. Santos | LS Fragancias | 189 | 1 |
| 20 | # 11-12/11/03 | #122-02/18/05 | Lisette Varela | Angels | 0 | 1 |
| 21 | #27-12/29/03 | #122-02/18/05 | Lucy Cagigas | Lucy Cagigas | 0 | 1 |
| 22 | #20-12/17/03 | #122-02/18/05 | Luis Babilonia | Barbielle | 21 | 1 |
| 23 | #20-12/17/03 | #122-02/18/05 | MahMoud Yacoug (Yaub) | Thamina | 0 | 1 |
| 24 | #12-12/11/03 | #122-02/18/05 | Maribel Ojeda | Shanty (2 stores) | 0 | 2 |
| 25 | #23-12/17/03 | #122-02/18/05 | Mayte Maldonado | Mayte's Boutique | 4 | 1 |
| 26 | #22-12/17/03 | #122-02/18/05 | Migdalia Minaya | Migdalia Minaya | 63 | 1 |
| 27 | #23-12/17/03 | #122-02/18/05 | Nancy Matos de Colón | Nancy Matos de Colón | 16 | |
| 28 | #23-12/17/03 | #122-02/18/05 | Olga Crespo | More Than Bags | 3 | |
| 29 | # 13-12/11/03 | #122-02/18/05 | Orlando Barona | Orlando y Susana Barona | 0 | 2 |
| 30 | #19-12/17/03 | #122-02/18/05 | Ramón Reynosa | La Carretera Española | 0 | 1 |
| 31 | #21-12/17/03 | #122-02/18/05 | Raul Rodríguez | Katy Accessories | 3 | 1 |
| 32 | #18-12/17/03 | #122-02-18-03 | Nelson Aponte / Reina Reyes | The Outlet | 21 | 1 |
| 33 | #18-12/17/03 | #122-02/18/05 | Rocky González | New York Canal Street | 0 | 2 |
| 34 | #19-12/17/03 | #122-02/18/05 | Rolando Rodríguez Oyola | Super Descuentos / Teresa Fashion | 346 | 6 |
| 35 | #21-12/17/03 | #129-03/01/05 | Rosa A. Berges | Zuelas | 50 | 1 |
| 36 | # 11-12/11/03 | #122-02/18/05 | Susy Vega / Roberto Rodríguez | Beauty Outlet | 0 | 1 |
| 37 | #23-12/17/03 | #129-03/01/05 | Tito Morales | Paris Bags Collection | 742 | 1 |



2

| | | | | | | |
|---|---|---|---|---|---|---|
| 38 | #19-<br>12/17/03 | #122-<br>02/18/05 | Yomara Maldonado y Yolanda Perez | Estilos | 31 | 1 |

The table above accurately shows date and docket number for service of process against each defaulting defendant and likewise the date and docket number of when default was entered.

Since a defaulting party is deemed to have admitted all well pleaded allegations of the complaint, *In re The Home Restaurants, Inc.* 285 F3rd 111,114 (1st Cir. 2002), entry of judgment by default to permanently enjoin defendants from violating Plaintiff's trademarks and from continuing to commit the acts of infringement complained of, and to allow Plaintiff to recover damages as a result of such acts of infringement plus costs and attorneys fees is in order in this case. At the hearing, the Court heard live testimony from plaintiff's lead investigator and an expert on Louis Vuitton counterfeited products, Mr. José Marrero. In addition, plaintiff offered and submitted abundant documentary evidence in support of the complaint, including:



    a. Certificates of Registrations for the marks owned by LVM
    b. Certificates of Registration of US trademarks owned by LVM
    c. Certificate of Registration concerning the LV logo owned by LVM
    d. Certificates of Registration for trademark CUIR EPI owned by LVM
    e. USPTO Trademarks Electronic Search System for the mark VL owned by LVM.
    f. Declaration of José F. Marrero and attached exhibits
    g. Declaration of Roberto Morales and attached exhibits
    h. Declaration of Sharymel Nieves and attached exhibits
    i. Declaration of Grace Vázquez and attached exhibits
    j. Declaration of Emmanuel Barbault and attached photos related to examined LVM branded items.

Such documents were cited in a table of contents also submitted by the plaintiff and appearing attached to the complaint.

    k. Copies of the seizure inventory sheets concerning the defendants found in default.
    l. List of the thirty eight (38) defendants in default.

3



After giving due consideration to the record as a whole and all evidence submitted at the hearing, the Court finds as follows:

## FINDINGS OF FACT

1. Plaintiff Louis Vuitton Malletier ("LVM") is a corporation organized and existing under the laws of France.

2. LVM is in the business of manufacturing, and selling in Puerto Rico, the United States and many parts of the world, luxury leather goods, bags, wallets, apparel, shoes, watches and related accessories under its renowned **LOUIS VUITTON®** mark. Its founding and leading brands are **LOUIS VUITTON®, LV®**, and the **LOUIS VUITTON®** or **LV® DESIGNS** (the **LOUIS VUITTON®** marks).

3. The **LOUIS VUITTON®** marks have become well known and famous among the trade, and the public at large, in the United States, Puerto Rico and many parts of the world.

4. The **LOUIS VUITTON®** marks are distinctive. Sales under the **LOUIS VUITTON®** marks are in multimillion dollars. As a result thereof, the trade and the public in general widely recognize the **LOUIS VUITTON®** marks as the designation that identifies LVM and its products.

5. Since as early as 1931, LVM has owned a significant number of trademark registrations in the Principal Register of the U.S. Patent and Trademark Office for **LOUIS VUITTON®** for use in connection with a wide range of goods.

6. All registrations LVM owns are valid and subsisting and are prima facie evidence of the validity of the **LOUIS VUITTON®** marks, and of LVM's ownership and exclusive right to use its marks in commerce in accordance with 15 U.S.C. §1057(b).

4

Moreover, a large number of these registrations have become incontestable in accordance with 15 U.S.C. §1065 and are conclusive evidence of the validity of the marks and of LVM's ownership and exclusive right to use them pursuant to 15 U.S.C. § 1115(b).

7. In addition, LVM also owns a substantial number of trademark registrations for the **LOUIS VUITTON®** marks issued by the Department of State of the Commonwealth of Puerto Rico, all of which are valid and subsisting and in full force and effect.

8. The **LOUIS VUITTON®** marks have become emblematic for high quality luxury leather products and have come to identify LVM as the source from which such products originate.

9. LVM sells **LOUIS VUITTON®** branded goods only through authorized retail outlets.

10. Defendants sell or have sold goods bearing counterfeit copies of **LOUIS VUITTON®** marks.

11. None of the defendants have been authorized by LVM to sell **LOUIS VUITTON®** branded products.

12. Sale by the defendants of products bearing counterfeit copies of LVM marks damages LVM business and reputation and unless stopped will continue to cause irreparable damage to LVM.

13. LVM has elected to recover statutory damages under 15 U.S.C. § 1117(c), instead of actual damages.



**CONCLUSIONS OF LAW**

FRCP 55(b)(2) authorizes judgment by default where as here default against defendants have been entered for defendants' failure to appear, or to plead or otherwise defend. Unless set aside for good cause, the entry of default deprives defendant of the right to contest the factual allegations of the complaint (See Note at page 851, *Federal Civil Rules Handbook*, Thomson-West, 2004 Edition).

Moreover, following entry of default the Court may enter judgment by default by taking all well-pleaded factual allegations in the complaint as true, to determine whether it alleges a cause of action. *Ramos-Falcon v Autoridad de Energía Eléctrica* 301 F.3rd 1, 2 (1st Cir. 2002); *Quirindongo Pacheco v. Rolón Morales*, 953 F. 2d 16, 16 (1st Cir. 1992). The Court may also conduct a hearing to "establish the truth of any averment" in the complaint, *Ramos-Falcón* F. 3d, at 3. However in the First Circuit this "…is appropriate only if the Court has made 'its requirements known in advance to the plaintiff, so that [he] could understand the direction of the proceeding and marshal such evidence as may be available to [him]". *Id.*



In the instant case, the allegations in the complaint are well pleaded and plainly establish LVM's causes of action. All factual statements are supported by abundant proof of LVM's Trademark Registrations in the U.S. and Puerto Rico, by the live testimony presented at trial of Mr. José F. Marrero, the private detective that investigated defendants' counterfeiting activities, by the declarations under penalty of perjury of the individuals that worked under Mr. Marrero's direct supervision and purchased counterfeit goods from the defendants listed above, and by the declaration under penalty of perjury of LVM's Head of Anti-Counterfeiting Office for the Americas. What's more, by being in default defendants

are deemed to have admitted all well pleaded allegations of the complaint, *In re The Home Restaurants, Inc.* supra, at 114.

The facts plainly establish that the defendants listed on the table above engaged in the willful distribution and sale of goods labeled with counterfeit **LOUIS VUITTON®** marks.

Section 45 of the Lanham Act (15 USCA § 1127) defines "counterfeit" as "a spurious mark which is identical with, or substantially indistinguishable from, a registered mark."



"Counterfeiting is the act of producing or selling a product with a sham trademark that is an intentional and calculated reproduction of the genuine trademark... Often, counterfeit merchandise is made so as to imitate a well-known product in all details of construction and appearance so as to deceive customers into thinking that they are getting genuine merchandise. Thus, counterfeiting is 'hard core' or 'first degree' trademark infringement and is the most blatant and egregious form of passing off... and is prevalent with respect to high-quality, 'status' goods." J. Thomas McCarthy, *McCarthy On Trademarks and Unfair Competition*, Vol. 4, §25:10, Page 25-17.

LVM only sells **LOUIS VUITTON®** goods thru authorized retail outlets. No single defendant has been authorized by LVM to sell **LOUIS VUITTON®** branded goods. Hence, the sale by Defendants of goods bearing the world famous **LOUIS VUITTON®** marks is without leave or authority from LVM and constitutes counterfeiting.

### LVM IS ENTITLED TO PERMANENT INJUNCTION, TREBLED DAMAGES AND TO THE RECOVERY OF EXPENSES AND REASONABLE ATTORNEYS FEES

Under Section 34 of the Lanham Act LVM is entitled to a permanent injunction to stop repetition by Defendants of their egregious conduct and to prevent the violation of its trademark rights (15 U.S.C.A. §1116(a)).

However, a permanent injunction alone is insufficient per se to discourage defendants from returning to their antics and does not compensate LVM for the damages sustained as a result of Defendants counterfeiting activities. The best disincentive against future recurrence is to compel Defendants to pay LVM for the pecuniary damages they have caused. A permanent injunction against defendants coupled with an order directing them to shell out LVM's damages will force defendants to put their hands in their pockets, make their activities unprofitable, and provide adequate deterrence for the future.



This is clearly in line with the purpose of trademark laws which "…is to prevent use of same or similar marks in a way that confuses the public about the actual source of goods or services." *Star Financial Services, Inc. v. AASTAR Mortg. Corp.* 89 F.3d 5, 9 (1st Cir. 1996). In this sense, the Court's "…primary task is to make violations of the Lanham Act unprofitable to the infringing party." *Veryfine Products v. Colón Brothers*, 799 F. Suppp. 240, 259 (D.P.R.1992).

Under Section 35(a) of the Lanham Act LVM is entitled to recover "…defendant's profits, (2) any damages sustained by the plaintiff and 3) the costs of the action… In assessing damages the Court may enter judgment, according to the circumstances of the case, for any sum above the amount found as actual damages, not exceeding three times such amount…", and "…in exceptional cases may award reasonable attorneys fees to the prevailing party." 15 U.S.C.A. § 1117(a).

8

This is clearly an exceptional case. "Pursuant to Section 35 of the Lanham Act, 15 U.S.C. § 1117(a) when a violation of any right of the registrant of a mark registered in the Trademark Office is established, plaintiff shall be entitled to recover defendant's profits, any damages sustained by the plaintiff, and the costs of the action. In addition, Section 35 gives courts the discretionary power to increase the damage award up to three times the actual damage caused. Treble damages are granted when the defendant's infringing actions are deemed to have been made 'knowingly and willfully'. *Gorenstein Enter., Inc. v. Quality Care-USA, Inc.*, 874 F.2d 431 (7th Cir.1989); *Sun Products Group, Inc. v. B & E Sales Co., Inc.*, 700 F.Supp. 366 (E.D.Mich.1988); *Polo Fashions, Inc. v. Rabanne*, 661 F.Supp. 89 (S.D.Fla.1986); *Fendi S.A.S. Di Paola Fendi E Sorelle v. Cosmetic World, Ltd.*, 642 F.Supp. 1143 (S.D.N.Y.1986). Section 35 also provides that a court may, in exceptional cases of trademark infringement, award reasonable attorneys' fees to the prevailing party. Generally, courts define an "exceptional" case of infringement as one involving willful or deliberate conduct on defendant's part." *VMG Enterprises, Inc. v. F. Quesada & Franco, Inc.* 788 F.Supp. 648, 661-662 (D.P.R.1992).



A case is exceptional if the acts of trademark infringement were malicious, fraudulent, deliberate, or willful. *Tamko Roofing Products v. Ideal Roofing*, 282 F.3d 23, 31 (1st Cir.2002). Bad faith or fraud is not a necessary condition to an award of attorneys' fees under section 35 of the Lanham Act.'[W]illful conduct may be sufficient when the trial court takes into account all the facts and equities of the case'." *Anywhere, Inc. v. Romero* 344 F.Supp.2d 345, 346-347 (D.P.R. 2004)

Treble profits/damages and a reasonable attorney fee are mandatory against one found to have been intentionally using a mark knowing it to be a counterfeit. *Louis Vuitton,*

*S.A. v. After Dark Boutique,* 680 F.Supp. 1507, 1512 (N.D.Fla.,1988) ("Award of treble damages and attorney and investigatory fees was warranted based on offer for sale and sale of counterfeit trade name merchandise, where defendants acted knowingly and intentionally and where defendants failed to appear at trial and failed to make any showing of extenuating circumstances. Lanham Trade-Mark Act, § 35(b)"). Treble damages are a particularly suitable remedy for counterfeiting because simple damages under-deter: "[The] violator will know that he won't be caught every time, and merely confiscating his profits in the cases in which he is caught will leave him with a net profit from infringement. *Louis Vuitton S.A. v. Lee,* 875 F.2d 584, 588 (7th Cir. 1989).



Under these circumstances,"....[t]he trebling of plaintiff's damages or the defendant's profits –whichever is greater—is mandatory (as is the award of the plaintiff's attorney's fees), subject only to the statute's exception for 'extenuating circumstances...' which are extremely narrow and as we shall see are not present here *Id.* at   Page 588.

The factual elements that trigger the special civil monetary remedies against counterfeiting require proof that the defendant i) intentionally used or is using a counterfeit mark in commerce, ii) knowing the mark is counterfeit, iii) in connection with the distribution or sale of goods, iv) which is likely to deceive and cause confusion. J. Thomas McCarthy, supra, § 25:15, at page 25-30.

A retailer is reputed to have intentionally used a counterfeit mark in commerce if he has "...failed to inquire further because he was afraid of what the inquiry would yield. Willful blindness is knowledge enough." *Louis Vuitton S.A. v. Lee,* supra, at 590. Thus, a retailer that buys "...obviously poorly crafted goods from an itinerant peddler at bargain-basement prices is guilty of willful blindness. *Channel, Inc. v. Italian Active Wear of*

10

*Florida, Inc.*, 931 F. 2d 1472, 1476 (11th Cir. 1991). Hence, willful blindness is not a defense.

For sure, defendants "….must have known something about the retail trade. Vuitton [is an ] international status [symbol] known to everyone, whether or not proficient in the English language, who sells handbags and luggage and to most people that buy them." *Louis Vuitton S.A. v. Lee*, supra, at 589. Therefore, it is inconceivable that the defendants would have never heard of LVM or of the **LOUIS VUITTON®** marks. Thus, innocent infringement is not a defense here.

In any event, federal registration gives third parties constructive notice of ownership by the registrants. 15 USC §1072. Hence, there is no excuse for another person to adopt and start using a similar or identical mark in connection with like products or services. Consequently, notice under section 1072 prevents a junior user from claiming any defense based on good faith innocent use or lack of notice. *Davidoff Extension v. V. Davidoff Comercio e Industria* 747 F. Supp. 122, 127 (D.C.P.R. 1990).



In conclusion, there can be no question that this is an exceptional case. It has been shown that Defendants' illegal activities are willful and with knowledge of the fact that the goods they are selling are counterfeit. Willful blindness is knowledge enough. *Louis Vuitton S.A. v. Lee*, supra, at 590.

Moreover, LVM sells only through authorized retail outlets, and none of the Defendants has been or is authorized to sell **LOUIS VUITTON®** goods. Consequently, in addition to a permanent injunction, LVM is entitled to recover treble profits/damages, costs of proceedings and reasonable attorney's fees in accordance with section 35 of the Lanham Act ( 17 U.S.C.A. 1117).

## RECOMMENDATIONS

The Magistrate makes the following **recommendations**:

(1)  That all defendants named in the table above and each of their agents, servants, employees, attorneys, assignees, and all others in privity or acting in concert with them be **permanently enjoined** from committing or perpetrating any of the following acts:

> (a)  Using any reproduction, simulation, counterfeit, copy or colorable imitation confusingly similar to Plaintiff's marks.
>
> (b)  Using in any manner any service mark, corporate name, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, or any combinations thereof, which would imitate, resemble or suggest Plaintiff's marks;
>
> (c)  Otherwise infringing LVM's well-known marks;
>
> (d)  Unfairly competing with LVM, diluting the distinctiveness of LVM's well-known marks.
>
> (e)  Advertising, promoting, marketing, publishing or sending any e-mail or other messages using any mark or name that is confusingly similar to LVM's marks;
>
> (f)  Using, registering or reserving any name, mark, label, symbol or logo that is confusingly similar to LVM's marks.

(2)  That Defendants deliver up for destruction all unauthorized products, including apparel, bags, watches, shoes, and all other materials in their possession or under their control that contain LVM's marks, or any other name or mark that resembles the marks



or any other reproduction, counterfeit, copy or colorable imitation of Plaintiff's marks and all plates, molds, matrices, and other means of making or duplicating the same.

(3) To the extent that LVM has elected to recover statutory damages under 15 U.S.C. § 1117(c), instead of actual damages, the Magistrate recommends that Plaintiff be allowed to recover statutory damages from each individual defendants as listed in the table that follows:



| No. | Doc. No. Service Returned Executed and Date | Do. No. & Date Default Entered | Defendant's Name | D/B/A Store Name | Items Seized | Items Purchased by Investigator | Amount Ordered and to be paid to Louis Vuitton Malletier |
|---|---|---|---|---|---|---|---|
| 1 | #23- 12/17/03 | #129- 03/01/05 | Ahmed Shweki Mohammed | | 4 | | $1,000.00 |
| 2 | #20- 12/17/03 | #122- 02/18/05 | Aixa (Ibiza) Shoe Outlet | Aixa Luis | 11 | 1 | $1,000.00 |
| 3 | #23- 12/17/03 | #129- 03/01/05 | Ana Wu | Joyería Amy | 146 | 1 | $10,000.00 |
| 4 | #18- 12/17/03 | #122- 2/18/05 | Antonio de J. Claudio / Milagros Estrella | Melanie Imports | 49 | 1 | $2,500.00 |
| 5 | #11 - 12/11/03 | #122- 2/18/05 | Awilda Collazo / Elizabeth Rivera | Lizzy's Fashion A/K/A Unlimited Fashion | 0 | 1 | $1,000.00 |
| 6 | #23- 12/17/03 | #129- 03/01/05 | Candido González | AZ Comercial - | 287 | 1 | $17,500.00 |
| 7 | #11- 12/11/03 | #129- 03/01/05 | Choi Kam Wong Tam | Two in One | 0 | 1 | $1,000.00 |
| 8 | #11- 12/11/03 | #122- 02/18/05 | Cristy Yanize Nieves / Urayoan Cotto Pérez | Cristy's Booth d/b/a Exótica | 0 | 1 | $1,000.00 |
| 9 | #18- 12/17/03 | #122- 02/18/05 | Eddie Hernández Robles | Emmanuel Imports | 6 | 1 | $1,000.00 |
| 10 | #18- 12/17/03 | #122- 02/18/05 | Enrique Forty | Lincoln Fantasy | 0 | 6 | $1,000.00 |
| 11 | #20- 12/17/03 | #122- 02/18/05 | Francisco Jimenez | EC Wireless d/b/a Very Celular | 3 | 1 | $1,000.00 |
| 12 | #21- 12/17/03 | #129- 03/01/05 | Hector Luis González | Joyería Migamy | 9 | 1 | $1,000.00 |
| 13 | #19- 12/17/03 | #124- 02/25/05 | Irma Ramírez & Lidia Ramírez | Perfumería Lidaliz | 21 | 1 | $1,000.00 |
| 14 | #23- 12/17/03 | #122- 02/18/05 | (J)Yomaris Mejía | (J)Yomary Salón | 6 | 2 | $1,000.00 |
| 15 | #21- 12/17/03 | #122- 02/18/05 | Jorge Donald López A/K/A Jorge Dones | George Perfume | 33 | 1 | $2,500.00 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| 16 | #12-12/11/03 | #122-02/18/05 | José A. Del Valle /Rosa M. Torres | Yasean | 0 | 1 | $1,000.00 |
| 17 | #12-12/11/03 | #122-02/18/05 | José Martinez Colón | Vale's Gift Shop/Vale's Discount | 0 | 1 | $1,000.00 |
| 18 | #18-12/17/03 | #122-02/18/05 | José Rodríguez | Romantic Accessories | 716 | 3 | $50,000.00 |
| 19 | #22-12/17/03 | #122-02/18/05 | Lelis A. Santos | LS Fragancias | 189 | 1 | $12,000.00 |
| 20 | # 11-12/11/03 | #122-02/18/05 | Lisette Varela | Angels | 0 | 1 | $1,000.00 |
| 21 | #27-12/29/03 | #122-02/18/05 | Lucy Cagigas | Lucy Cagigas | 0 | 1 | $1,000.00 |
| 22 | #20-12/17/03 | #122-02/18/05 | Luis Babilonia | Barbielle | 21 | 1 | $1,000.00 |
| 23 | #20-12/17/03 | #122-02/18/05 | MahMoud Yacoug (Yaub) | Thamina | 0 | 1 | $1,000.00 |
| 24 | #12-12/11/03 | #122-02/18/05 | Maribel Ojeda | Shanty (2 stores) | 0 | 2 | $1,000.00 |
| 25 | #23-12/17/03 | #122-02/18/05 | Mayte Maldonado | Mayte's Boutique | 4 | 1 | $1,000.00 |
| 26 | #22-12/17/03 | #122-02/18/05 | Migdalia Minaya | Migdalia Minaya | 63 | 1 | $5,000.00 |
| 27 | #23-12/17/03 | #122-02/18/05 | Nancy Matos de Colón | Nancy Matos de Colón | 16 | | $1,000.00 |
| 28 | #23-12/17/03 | #122-02/18/05 | Olga Crespo | More Than Bags | 3 | | $1,000.00 |
| 29 | # 13-12/11/03 | #122-02/18/05 | Orlando Barona | Orlando y Susana Barona | 0 | 2 | $1.000.00 |
| 30 | #19-12/17/03 | #122-02/18/05 | Ramón Reynosa | La Carretera Española | 0 | 1 | $1,000.00 |
| 31 | #21-12/17/03 | #122-02/18/05 | Raul Rodríguez | Katy Accessories | 3 | 1 | $1,000.00 |
| 32 | #18-12/17/03 | #122-02-18-03 | Nelson Aponte / Reina Reyes | The Outlet | 21 | 1 | $1,000.00 |
| 33 | #18-12/17/03 | #122-02/18/05 | Rocky González | New York Canal Street | 0 | 2 | $1,000.00 |
| 34 | #19-12/17/03 | #122-02/18/05 | Rolando Rodríguez Oyola | Super Descuentos / Teresa Fashion | 346 | 6 | $25,000.00 |
| 35 | #21-12/17/03 | #129-03/01/05 | Rosa A. Berges | Zuelas | 50 | 1 | $5,000.00 |
| 36 | # 11-12/11/03 | #122-02/18/05 | Susy Vega / Roberto Rodríguez | Beauty Outlet | 0 | 1 | $1,000.00 |
| 37 | #23-12/17/03 | #129-03/01/05 | Tito Morales | Paris Bags Collection | 742 | 1 | $50,000.00 |
| 38 | #19-12/17/03 | #122-02/18/05 | Yomara Maldonado and Yolanda Perez | Estilos | 31 | 1 | $2,500.00 |

The foregoing assessment takes in consideration the kind of business activity in which each defendant is engaged and the size and volume of fake inventory that was seized from each. Defendants with larger amounts were treated as being engaged in more egregious

14

conduct as opposed to those that were found with less. Thus, statutory damages were assessed along the following scale of values:

1. 25 items or less-$1,000.00

2. Between 26 and 50 items-$2,500.00

3. Between 51 and 100 items- $5,000.00

4. More than a 101 items- conditioned to the egregious conduct and high volume of seized fake inventory.

(4) That plaintiff be allowed to recover costs and reasonable attorneys from the each defendant above since the Magistrate finds this is an exceptional case under 15 U.S.C §1117. **Finally, the Magistrate recommends that this matter be referred to the U.S. Attorney for any potential violation under 18 USC §2320, particularly as to those defendants that have engaged in a more egregious conduct by trading in larger amounts of counterfeit goods.**

**IT IS SO RECOMMENDED**

In San Juan, Puerto Rico, this 8th day of September, 2005.

_____
GUSTAVO A. GELPI
United States Magistrate Judge