**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

LOUIS VUITTON MALLETIER,

     **Plaintiff(s)**

        **v.**

ENRIQUE FORTY d/b/a LINCOLN
FANTASY, <u>et al.</u>,

     **Defendant(s)**

**CIVIL NO.** 03-2277 (JAG)

**ORDER**

    Because no objections were filed within the prescribed time period, the Court hereby **ADOPTS** the Magistrate-Judge's Report and Recommendation (Docket No. 225) in its entirety.  Accordingly the Court **GRANTS** plaintiff's motion for summary judgment (Docket No. 209) and further orders and decrees:

    (1) That defendants Peluet of Puerto Rico Corp., Gerónimo Robaina Álvarez d/b/a Designer's Gallery, Edgar Torres Cintrón d/b/a Andrea's Leather Shop, María Franco a/k/a Judy Franco a/k/a Judith Franco, their agents, servants, employees, attorneys, assigns, and all others in privity or acting in concert with them are permanently enjoined from:

        (a) Using any reproduction, simulation, counterfeit, copy or colorable imitation confusingly similar to Plaintiff's marks;

        (b) Using in any manner any service mark, corporate name, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, or any combinations thereof, which would imitate, resemble or suggest Plaintiff's marks;

        (c) Otherwise infringing Plaintiff's well-known marks;

        (d) Unfairly competing with Plaintiff, diluting the distinctiveness of Plaintiff's well-known marks.

Civil No.  03-2277 (JAG)                                                2

    (e)  Advertising,  promoting,  marketing,  publishing  or sending any e-mail or other messages using any mark or name that is confusingly similar to Plaintiff's marks;

    (f) Using, registering or reserving any name, mark, label, symbol or logo that is confusingly similar to Plaintiff's marks.

(2) Under 15 U.S.C. § 1118 and the law of the Commonwealth of Puerto Rico, that Defendants deliver up for destruction all unauthorized products, including apparel, bags, watches, shoes, and all other materials in their possession or under their control that contain Plaintiff's marks, or any other name or mark that resembles the marks or any other reproduction, counterfeit, copy or colorable imitation of Plaintiff's marks and all plates, molds, matrices, and other means of making or duplicating the same.

(3) To the extent that Plaintiff has elected to recover statutory damages under 15 U.S.C. § 1117(c), instead of actual damages, Plaintiff shall be allowed to recover statutory damages from each individual Defendant listed above to be determined at a future hearing.  The matter is referred to Magistrate-Judge Gustavo Gelpi for a hearing on damages and the issuance of a Report and Recommendation.

(4) Under 15 U.S.C. §1117 and the law of the Commonwealth of Puerto Rico, Defendants shall pay the costs of this action and Plaintiff's attorney fees.

The Court further orders that this matter be referred to the U.S. Attorney for any potential violation under 18 U.S.C. §2320, particularly as to those defendants that have engaged in a more egregious conduct by trading in larger amounts of counterfeit goods.

    IT IS SO ORDERED.

    In San Juan, Puerto Rico, this 4th day of January 2006.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge