IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| LOUIS VUITTON MALLETIER,<br><br>**Plaintiff(s)**<br><br>v.<br><br>LINCOLN FANTASY, <u>et al.</u>,<br><br>**Defendant(s)** | **CIVIL NO.** 03-2277 (JAG) |

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Upon review of the Magistrate Judge's Report and Recommendation (Docket No. 247), and defendant Tito Morales' d/b/a Paris Bags ("Morales") objections thereto (Docket No. 248), the Court finds no reason to depart from the Magistrate-Judge's recommendations and accordingly orders as follows:

(1) That Morales and each of his agents, servants, employees, attorneys, assignees, and all others in privity or acting in concert with him are permanently enjoined from committing or perpetrating any of the following acts:

(a) Using any reproduction, simulation, counterfeit, copy or colorable imitation confusingly similar to Plaintiff's marks;

(b) Using in any manner any service mark, corporate name, trademark, trade name, trade dress, words, numbers, abbreviations, designs, colors, arrangements, or any

Civil No. 03-2277 (JAG)                                                    2

      combinations thereof, which would imitate, resemble or suggest Plaintiff's marks;

      (c) Otherwise infringing Plaintiff's well-known marks;

      (d) Unfairly competing with Plaintiff, diluting the distinctiveness of Plaintiff's well-known marks.

      (e) Advertising, promoting, marketing, publishing or sending any e-mail or other messages using any mark or name that is confusingly similar to Plaintiff's marks;

      (f) Using, registering or reserving any name, mark, label, symbol or logo that is confusingly similar to Plaintiff's marks.

(2) That Morales deliver up for destruction all unauthorized products, including apparel, bags, watches, shoes, and all other materials in his possession or under his control that contain Plaintiff's marks, or any other name or mark that resembles the marks or any other reproduction, counterfeit, copy or colorable imitation of Plaintiff's marks and all plates, molds, matrices, and other means of making or duplicating the same.

(3) To the extent that Plaintiff has elected to recover statutory damages under 15 U.S.C. § 1117(c), instead of actual damages, Plaintiff shall recover statutory damages from Morales in the amount of $50,000.00. The foregoing assessment takes in consideration the business activity in which Morales is engaged

Civil No. 03-2277 (JAG)                                             3

and the size and volume of counterfeit inventory that was seized from him, to wit 742 items. Morales' egregious conduct was also considered as opposed to other defendants that were found with considerably smaller inventories.

(4) That Plaintiff shall recover costs and reasonable attorneys fees from Morales since the Court finds this is an exceptional case under 15 U.S.C § 1117.

Judgment shall enter accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 29th day of March 2006.

S/Jay A. Garcia-Gregory
JAY A. GARCIA-GREGORY
United States District Judge
