**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO**

LOUIS VUITTON MALLETIER,

    **Plaintiff(s)**

       **v.**

LINCOLN FANTASY, <u>et al.</u>,

    **Defendant(s)**

**CIVIL NO.** 03-2277 (JAG)

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Because no objections were filed within the prescribed time period, the Court **ADOPTS** the Magistrate-Judge's Report and Recommendation (Docket No. 275) in its entirety. Accordingly,

IT IS HEREBY ORDERED,

(1) That defendants Juan A. Nieves Colón d/b/a Joyería Jeny Jary, Carlos Morell d/b/a Accessory Plaza, Peluet of Puerto Rico Inc./Paradise Plus, Edgar Torres Rosario d/b/a Andrea's Leather Shop, and each of their agents, servants, employees, attorneys, assignees, and all others in privity or acting in concert with them are **permanently enjoined** from committing or perpetrating any of the following acts:

        (a) Using any reproduction, simulation, counterfeit, copy or colorable imitation confusingly similar to Plaintiff's marks.

        (b) Using in any manner any service mark, corporate name, trademark, trade name, trade dress, words, numbers,

Civil No.  03-2277 (JAG)                                              2

abbreviations, designs, colors, arrangements, or any combinations thereof, which would imitate, resemble or suggest Plaintiff's marks;

(c) Otherwise infringing plaintiff's well-known marks;

(d) Unfairly competing with plaintiff, diluting the distinctiveness of Louis Vuitton's well-known marks.

(e) Advertising, promoting, marketing, publishing or sending any e-mail or other messages using any mark or name that is confusingly similar to plaintiff's marks;

(f) Using, registering or reserving any name, mark, label, symbol or logo that is confusingly similar to plaintiff's marks.

(2) That Defendants deliver up for destruction all unauthorized products, including apparel, bags, watches, shoes, and all other materials in their possession or under their control that contain plaintiff's marks, or any other name or mark that resembles the marks or any other reproduction, counterfeit, copy or colorable imitation of Plaintiff's marks and all plates, molds, matrices, and other means of making or duplicating the same.

(3) To the extent that plaintiff has elected to recover statutory damages under 15 U.S.C. § 1117(c), instead of actual damages, plaintiff shall recover statutory damages from each individual defendant as follows:

Civil No.  03-2277 (JAG)                                        3

       (a) from Juan A. Nieves Colón d/b/a Joyería Jeny Jary the amount of $50,000;

       (b) from Carlos Morell d/b/a Accessory Plaza the amount of $1,000;

       (c) from Peluet of Puerto Rico Inc./ Paradise Plus the amount of $100,000; and

       (d) from Edgar Torres Rosario d/b/a Andrea' Leather Shop the amount of $10,000.

(4) The Court further orders that plaintiff shall be allowed to recover costs and reasonable attorneys from each defendant above pursuant to 15 U.S.C. § 1117.

(5) Finally, the Court orders that this matter be referred to the U.S. Attorney for any potential violation under 18 U.S.C. § 2320, particularly as to those defendants that have engaged in a more egregious conduct by trading in larger amounts of counterfeit goods over a repeated period of time.

Judgment shall enter accordingly.

IT IS SO ORDERED.

In San Juan, Puerto Rico, this 27th day of July 2006.

                          S/Jay A. Garcia-Gregory
                          JAY A. GARCIA-GREGORY
                          United States District Judge