IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

LOUIS VUITTON MALLETIER,

v.

LINCOLN FANTASY AND PELUET OF PUERTO RICO CORP.,

Defendants

CIVIL 03-2277 (JAG)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. INTRODUCTION

This matter is before the court on motion to enforce judgment filed on April 2, 2007, by plaintiff Louis Vuitton Malletier (hereinafter "LMV") against Mr. Peter Ortiz (hereinafter "Mr. Ortiz"), a non party and only shareholder and president of defendant Peluet of Puerto Rico Corp. (hereinafter "Peluet"). (Docket No. 287-1.)  Having considered the arguments of the parties, the evidence in the record and for the reasons set forth below, it is my recommendation that the motion be GRANTED.

### II. PROCEDURAL BACKGROUND

On July 27, 2006, this court entered judgment against various defendants, including Peluet. (Docket No. 277.)  The judgment is final.  The judgment compels Peluet to pay LMV $100,000 for damages plus costs and reasonable attorney's fees.  In addition LMV is entitled to post judgment interest.  On April 2, 2007, LMV filed a motion to enforce judgment against Peluet's president and sole

CIVIL 03-2277 (JAG)                                       2

shareholder Mr. Ortiz. (Docket No. 287-1.) In their motion LMV states that to this date Peluet has not paid in full the judgment and that upon information and belief understands that Peluet has closed operations and is no longer doing business and does not own any assets upon which collection may be enforced. Also to support Peluet's insolvency LMV submits a declaration of Vicente Sequeda Torres, one of LMV attorneys, and a certificate issued by the Department of State, both of which establish that Peluet has no assets that could be collected for the enforcement of judgment, is no longer in business and is not in good standing. (Docket No. 287-3 and 287-4.)

On June 6, 2007, an order to show cause was filed. (Docket No. 307.) Mr. Ortiz was ordered to appear before this court on June 15, 2007, to show cause why the judgment issued against Peluet should not be extended to him and that he be personally liable and bound to pay LMV $100,000 for damages plus costs, reasonable attorney's fees and post judgment interests until payment in full. Mr. Ortiz appeared without counsel on the day of the hearing. He expressed that he had been diagnosed with cancer and was undergoing treatment. (Docket No. 308.) Also during the hearing Mr. Ortiz submitted various exhibits. (Docket No. 310.) Ms. Nathalie Chasques testified on behalf of LMV and as to the efforts LMV has made to enforce the outstanding judgment against Peluet of Puerto Rico, after investigating Peluet and Mr. Ortiz.

CIVIL 03-2277 (JAG)                              3

The only matter before this court is to determine whether or not the judgment entered against Peluet (Docket No. 277) should be enforced against Mr. Ortiz, a non-party and only shareholder and president of Peluet, pursuant to Federal Rule of Civil Procedure 71 and, in the alternative, pursuant to Federal Rule of Civil Procedure 69(a), regarding execution of judgment, and Puerto Rico Civil Procedure Rule 51.7, for proceedings on judgments against joint debtors.

### III.  DISCUSSION

The plaintiff LMV filed a motion to enforce judgment against Mr. Ortiz, a non-party and only shareholder and president of Peluet. (Docket No. 287-1.) The plaintiff LMV asserts that Mr. Ortiz is liable as the judgment debtor of the original judgment under Federal Rule of Civil Procedure 71 and, in the alternative under Federal Rule of Civil Procedure 69(a) which affords federal district courts the enforcement mechanisms available under state law. Under that theory LMV relies on Rule 51.7 of Puerto Rico Rules of Civil Procedure, contending that Mr. Ortiz is a jointly liable debtor who was a non-party to the original action.

In the present case the plaintiff's claim is based on the facts that Mr. Ortiz' actions guided and controlled Peluet counterfeiting activities (Docket No. 287-1, at 3-4, ¶ 13) and that he was the sole shareholder and president of Peluet. (Id. at 3, ¶ 12.) Also LMV states that Peluet's counterfeiting actions are the direct result of Mr. Ortiz' own illegal actions. (Id. at 4, ¶ 13.) In other words LMV basically claims that Peluet would not have violated the law if it were not for the

CIVIL 03-2277 (JAG)                          4

illegal actions of Mr. Ortiz (Docket No. 287-1, at 4-5, ¶ 17) and consequently Mr. Ortiz and Peluet's interest are so intertwined that they were virtually one person. (Docket No. 287-1, at 5, ¶ 20.)

LMV has already obtained a judgment by this court against Peluet (Docket No. 277) but after noting that Peluet to this day has not satisfied the payment in full as ordered by this court, LMV has reason to believe that Peluet has closed operations and is no longer doing business and does not own any assets upon which collection may be enforced. Ultimately, LMV argues that the judgment can be enforced against Mr. Ortiz. (Docket No. Docket No. 287-1, at 1-2, ¶¶ 5-6.)

As stated in LMV's motion, it seems that Peluet and Mr. Ortiz are practically speaking the same person, this due in part to the fact that Mr. Ortiz is Peluet's president and sole shareholder. (Id. at 3, ¶ 12.) Although this alone would not be enough to justify enforcing the judgment against Mr. Ortiz, this fact is taken into consideration to make such determination. During the hearing of June 15, 2007, Mr. Ortiz did not provide any corporate records to accurately estimate the assets and liabilities of the corporation or documents related to the payment of dividends, although he is the company's sole shareholder. (Docket No. 310.) Also taking into consideration the declaration of Vicente Sequeda Torres, one of LMV attorneys, and a certificate issued by the Department of State, it is clear that the disappearance of Peluet is in most part due to the actions taken by Mr. Ortiz so that LMV would be impeded to collect the judgment that was made in their favor.

CIVIL 03-2277 (JAG)                              5

Also during the hearing Mr. Ortiz stated that he had no financial means to pay the judgment that could be entered against him personally.  This allegation does not limit the court's power to decide whether or not the judgment should be enforced against Mr. Ortiz.  Additionally Mr. Ortiz did not provide any other evidence that would support his own financial position.  (Docket No. 310.) Mr. Ortiz mentioned that he had given his property as collateral for a loan he had made with the bank, but failed to provide any evidence that would support such claim.  (Docket No. 310.)

It is clear that Mr. Ortiz conducted all the business activities of  Peluet.  As LMV  stated in their motion, Mr. Ortiz was  Peluet's mastermind in controlling all of its counterfeiting scheme.  He made sure that  Peluet  would become a fierce competitor in the sale of false LMV goods.  This is evidenced by the fake LMV goods that were seized from Peluet and by his subsequent efforts in violation of this court's preliminary injunction to once again introduce and sell in Puerto Rico counterfeit LMV merchandise.  (Docket No. 287-1, at 3, ¶ 13.)

LMV alleges that the judgment can be enforced against Mr. Ortiz because the basic concepts of trademark law punish both the individual and the corporation that infringe a trade mark.  (Docket No. 287-1, at 4, ¶ 14.)  The plaintiff relies on the statement made by the District Court of Puerto Rico in Petland, Inc. v. Arbelo, in which they reiterate that: "A corporate official may be held personally liable for tortuous conduct committed by him/her, though committed primarily for the

CIVIL 03-2277 (JAG)                    6

benefit of the corporation.  This would be true in trademark infringement and unfair trade practices cases." Petland, Inc. v. Arbelo, No. 05-2115, 2006 WL 2583758, at *4 (D.P.R. Sept. 7, 2006) (citing Transgo, Inc. v. Ajac Transmission Parts Corp., 768 F.2d 1001, 1021 (9th Cir. 1985)).

Finally LMV states in part that: "If the sole shareholder of the corporate infringer is personally liable for trademark infringement and extending an injunction to include him personally is appropriate then, by the same token, it is equally appropriate to extend a monetary judgment (instead of an injunction) against that sole shareholder-Ortiz here. To hold otherwise would amount to a doble standard; a *non sequitur*."  (Docket No. 287-1, at 4, ¶ 15.)

Mr. Ortiz' interests and those of  Peluet's are so intertwined to that they are virtually one person and are jointly and severally liable for infringing LMV's trademarks.  Therefore the judgment issued against Peluet should be extended to Mr. Ortiz.  Moreover the judgment against Peluet is equally enforceable against Mr. Peter Ortiz under Federal Rule of Civil Procedure 71 and, in the alternative, pursuant to Federal Rule of Civil Procedure 69(a), regarding execution of judgment, and Puerto Rico Civil Procedure Rule 51.7, for proceedings on judgments against joint debtors.

IV.  CONCLUSION

In view of the above, I recommend that the motion to enforce judgment filed against the non-party Mr. Peter Ortiz be granted and therefore that he be

CIVIL 03-2277 (JAG)                            7

personally held liable and bound to pay "LMV" $100,000 for damages plus costs, reasonable attorney's fees and post judgment interests.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this rule precludes further appellate review.  See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 9th day of July, 2007.

                                              S/ JUSTO ARENAS
                                Chief United States Magistrate Judge